BARNES, J.,
Specially Concurring.
¶ 20. I agree with the majority that the judgment notwithstanding the verdict should be reversed. I further concur in the majority’s continued adherence with the opinion of this Court in Hearn v. Brown, 876 So.2d 380 (Miss.Ct.App.2003), as Hearn was based, in substantial part, upon the Supreme Court decision in Maxwell v. Illinois Central Gulf Railroad, 513 So.2d 901 (Miss.1987). Although I believe that Hearn’s analysis of Mississippi Rule of Civil Procedure 50(c) is inconsistent with the interpretation of the comparable federal rule,[1] I recognize that the Hearn Court was “not writing on a clean slate.”
¶ 21. Maxwell was decided after the adoption of the Mississippi Rules of Civil Procedure and concerned the appellate court’s authority to review a conditional grant of new trial. Without indicating any analysis under Rule 50(c) of the then-recently adopted Mississippi Rules of Civil Procedure, and citing, inter alia, two pre-rules decisions, the Maxwell court determined that the trial court’s grant of new trial was “not a final judgment and thus ... ordinarily not appealable.” Maxwell, 513 So.2d at 907-08. While it is troubling that the Maxwell court failed even to cite rule 50(c), the determination that the conditional grant of new trial was interlocutory in nature is the most recent pronouncement on the subject by the Mississippi Supreme Court.
¶ 22. I believe that this Court is compelled to follow Maxwell unless and until the Mississippi Supreme Court revisits the issue of appellate jurisdiction over conditional grants of new trial. Accordingly, I concur.
LEE, P.J., CHANDLER AND ISHEE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.

. Since the Mississippi Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, the Mississippi Supreme Court has, on occasion, looked to interpretation of the comparable federal rule as "persuasive authority.” Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1215 (¶ 32) (Miss.2001). As regards rule 50(c), the advisory committee notes to the federal rule expressly provide that "the appellate court, if it reverses the judgment n.o.v., may in an appropriate case also reverse the conditional grant of the new trial and direct that judg-merit be entered on the verdict.” Fed. R.Civ.P. 50(c) at Advisory Committee Notes to 1963 Amendment. Further, a leading commentary states that "[i]n order to avoid piecemeal appeals and afford the appellate court an opportunity to decide whether the case should be terminated or permitted to go forward to a second trial, Rule 50(c)(1) permits an immediate appeal from both rulings." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2540 & n. 26 (2d ed.1995).